IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

       v.                                  06-CR-120-S-01

AMY JO KRUEGER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Amy Jo Krueger's supervised release was held on July 22, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Elizabeth Altman, Assistant United States Attorney for the Western District of Wisconsin. Defendant was present in person and by counsel, Erika L. Bierma. Also present was United States Probation Officer Traci L. Jacobs.

From defendant's stipulations, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on August 30, 2006, following her conviction for misuse of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B). This is a Class D felony. She was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 18 months, with a 36-month term of supervised release to follow.

Defendant began her term of supervised release on January 3, 2008. On February 27, 2008, she violated the special condition of supervision, which directs her to refrain from opening checking accounts without the prior consent of the U.S. probation officer, when she opened checking account no. 182373684758 at U.S. Bank in Hudson, Wisconsin. Defendant did not have authorization to open this account.

Defendant violated the statutory condition prohibiting her from committing another federal, state or local crime, when she wrote numerous worthless checks on her bank accounts between February 6 and July 1, 2008.

Defendant violated the standard condition prohibiting her from leaving the judicial district without the permission of the court or the probation officer when she traveled without permission to Stillwater and Woodbury, Minnesota on May 9, 2008, traveled to Stillwater on May 10, 2008, traveled to Bloomington, Minnesota and Woodbury on May 11, and traveled to Clintonville, Wisconsin on June 21 and again on July 4, 2008.

Defendant violated the standard condition directing her to submit a truthful and complete written report within the first five days of each month. She failed to document U.S. Bank Account No. 182373684758 on her monthly report forms from February 2008 through June 2008. On her February 2008 monthly report form, she reported that her ending balance on her Associated Bank Account No. 0080013220 was $300 when it was -$677.28. On her March 2008 monthly report form, she reported that her ending balance on her Associated Bank account was $300 when it was -$1,453.45. Defendant failed to report traveling outside the Western District of Wisconsin without authorization on her

May and June 2008 monthly report forms.

Defendant's conduct falls into the category of a Grade C violation. Upon finding a Grade C violation, I have the discretion to revoke supervised release, extend the term of supervised release or modify the conditions of release, as defined by §7B1.3(a)(2) of the sentencing guidelines policy statement for violations of supervised release.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on August 30, 2006, will be revoked.

Defendant's criminal history category is IV. With a Grade C violation and a criminal history category of IV, defendant has an advisory guideline range of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class D felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence near the top of the guideline range. The intent of this

sentence is to hold defendant accountable for her violations and to protect the public from future criminal acts.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 30, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 11 months. No supervised release shall follow. Defendant is to be registered with local law enforcement agencies and the state attorney general before her release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of her incarceration.

Defendant is neither a flight risk nor a danger to the community. Accordingly, execution of the sentence of imprisonment only is stayed until August 26, 2008, between the hours of noon and 2:00 p.m., when defendant is to report to an institution to be designated by further court order. The present release conditions are continued until August 26, 2008.

Entered this 23d day of July, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge